<div align="center">SQUIRES *v.* YOUNG.</div>

In an action upon *s.* 3, *c.* 3, Laws of 1870, brought by a widow for the loss of her means of support by the death of her husband caused by his intoxication, evidence tending to show that his death was caused by his frequent intoxication from the use of liquor unlawfully sold him by the defendant at many times during the last five years of his life is admissible.

In such case, "such injured person," on whom the plaintiff was dependent for means of support, may be the person whose death was caused by his own intoxication.

CASE, brought by a widow, upon *s.* 3, *c.* 3, Laws of 1870. Among other things in the declaration, it is alleged, in substance, that the plaintiff was dependent on her husband for means of support, and that his death, on the 27th day of December, 1875, was caused by his intoxication from the use of liquor unlawfully sold him by the defendant on the first day of January, 1871, and on divers days between that

day and his death.   The plaintiff offers to prove that the defendant, at many times from January 1, 1871, to December 27, 1875, unlawfully sold her husband liquor which caused his frequent intoxication, which finally caused his death.

*Wait,* for the plaintiff.

*Barton,* for the defendant, cited Smith on St. Construction 830 ; *Woodbury* v. *Berry,* 18 Ohio 456 ; *Monson* v. *Chester,* 22 Pick. 387 ; *U. S.* v. *Wiltberger,* 5 Wheat. 76.

*Cushing,* for the defendant, cited *Baker* v. *Portland,* 58 Me. 199 ; *Alger* v. *Lowell,* 3 Allen 406 ; 3 Pars. Cont., *s. 5* ; *Hollis* v. *Davis,* 56 N. H. 74, 85.

DOE, C. J.   It cannot be held, as matter of law, that the frequent intoxication of the plaintiff's husband during the last five years of his life could not have caused his death.   And the court cannot adjudge habitual drunkenness to be a cause of death too remote for legal cognizance.   The legislature has not prescribed the number of instances of intoxication to which the death or disability must be traced, or the time within which the inquiry is to be confined.   We think the person whose death or disability is caused by his own intoxication, may be " such injured person" on whom the plaintiff was dependent, within the meaning of the statute, and that the evidence offered in this case is admissible on the question of death.

<div align="right">

*Case discharged.*